**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ORLANDRA H.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 25 CV 12831<br><br>Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Orlandra H. appeals the Commissioner of Social Security's decision denying her applications for benefits. For the following reasons, plaintiff's motion for summary judgment [16] is denied, the Commissioner's motion for summary judgment [20] is granted, and the denial of benefits is affirmed.[1]

## Background

In November 2022, plaintiff applied for both a period of disability and disability insurance benefits and for supplemental security income, alleging an onset date of July 16, 2022. [13-1] 25. The claims were denied initially, on reconsideration, and by an administrative law judge after a hearing. [*Id.*] 20-35. The Appeals Council denied review in August 2025 [*id.*] 1-6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court, and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date. [13-1] 2. At step two, the ALJ determined that plaintiff suffers from the following severe impairments: astigmatism, low vision in left eye, obesity, bipolar depression, and anxiety. [*Id.*] 23-24. At step three, the ALJ ruled that plaintiff's impairments did

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [13], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [7].

not meet or equal a listed impairment. [*Id.*] 24-26. Before turning to step four, the ALJ concluded that plaintiff had the residual functional capacity to perform medium work, except that, as relevant to this appeal, plaintiff was limited to (1) understanding, remembering, and carrying out detailed but not complex tasks, (2) frequent interactions with supervisors and coworkers, and (3) occasional interactions with the public. [*Id.*] 27-32. At step four, the ALJ held that plaintiff could not perform her past relevant work as a cook or bartender. [*Id.*] 32. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: hand packer (112,000 jobs), assembler (182,000 jobs), and kitchen helper (436,000 jobs). [*Id.*] 33-34. The ALJ therefore determined that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the ALJ created an "evidentiary deficit" when she rejected "all of the psychiatric opinion evidence" in the record and impermissibly attempted to fill that deficit "with her own lay interpretation of the medical record." [17] 9. The Court disagrees.

"Courts in this District have recognized that an ALJ's decision to discount all medical opinion evidence in the record can create an evidentiary gap that renders the ALJ's RFC unsupported by substantial evidence." *Alejandro D. v. O'Malley*, No. 21 CV 5250, 2024 WL 4465475, at *3 (N.D. Ill. Oct. 10, 2024). "But reversible error occurs only when the ALJ, after rejecting the opinion evidence, crafts an RFC determination that is untethered to any record evidence." *Timothy L. v. Dudek*, No. 22 CV 6799, 2025 WL 1371440, at *2 (N.D. Ill. May 12, 2025) (internal quotation marks omitted). "Thus, there is not an evidentiary deficit simply because an ALJ rejects the opinions of the agency reviewing and consulting physicians. Rather, the question is whether the rest of the record supports the ALJ's RFC assessment." *Laughton v. O'Malley*, No. 1:23-CV-35-HAB, 2024 WL 748752, at *5 (N.D. Ind. Feb. 22, 2024).

Here, the state agency reviewers opined that plaintiff (1) could not perform complex or detailed tasks, (2) should have limited contact with coworkers, and (3) should have no contact with the public. *See* [13-1] 87-89, 98-100, 107-09.[3] A consultative psychiatric examiner further opined that (4) plaintiff's ability to interact with others and adapt to changes in her environment were moderately to severely impaired. [*Id.*] 508-12. The ALJ's mental RFC determination diverged from those opinions in three respects. The ALJ concluded that, while plaintiff could not perform complex tasks, she could perform detailed tasks. [*Id.*] 27. The ALJ also found that plaintiff could tolerate frequent interactions with coworkers. [*Id.*]. And the ALJ determined that plaintiff was capable of occasional interactions with the public. [*Id.*].

The Court concludes that there was no evidentiary deficit because the ALJ did not reject *all* the psychiatric opinion evidence in the record. Rather, the ALJ's mental RFC determination adopted the agency reviewers' opinion that plaintiff could not perform complex tasks and is consistent with their view that plaintiff would have no difficulty interacting with supervisors. *Compare* [13-1] 26-27 *with* [*id.*] 88, 99. Because the ALJ "did not reject all opinion evidence in the case," and instead "minimally articulated which parts of the agency reviewers' opinions supported her RFC determination" without "try[ing] to interpret raw medical data, such as an x-ray or MRI, without expert assistance," there was no evidentiary deficit. *Jennifer M. v. Bisignano*, No. 23 CV 2219, 2025 WL 2463059, at *4 (N.D. Ill. Aug. 26, 2025).[4] But even if the ALJ's rejection of some (but not all) opinion evidence could have created an evidentiary deficit, no remand is warranted because the ALJ adequately tied the mental RFC determination to other evidence in the record. *See Timothy L.*, 2025 WL 1371440, at *2; *Laughton*, 2024 WL 748752, at *5.

First, the ALJ permissibly discounted the psychiatric opinion evidence on the ground that it was "not wholly consistent" with the broader medical record. [13-1] 32; *see Victor F. v. Kijakazi*, No. 22 C 1451, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023) (whether medical opinion is consistent with record is one of two "most important factors" for weighing opinion evidence).

The ALJ found that plaintiff had "intact judgment and insight and has demonstrated no barriers to taking meds despite her reports that she was told that is part of her impairments, which is not reflected in any behavioral health

[3] The Court notes that the state agency reviewers also opined that plaintiff "could relate" to "a limited number of coworkers" [13-1] 88, 99, but neither side address whether this portion of the opinion evidence supports the RFC determination.

[4] Plaintiff appears to fault the ALJ because the mental RFC determination "directly conflicted" with the three opinions at issue, *see* [17] 8, but "an ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians in determining a claimant's RFC." *Timothy L.*, 2025 WL 1371440, at *2 (internal quotation marks omitted).

consultation notes." [13-1] 30. The ALJ gave particular weight to the evidence that plaintiff "unilaterally decided to stop taking her medications" because of adverse side effects but "admitted that she did not attempt to change them" [*Id.*]. In the ALJ's view, "there is just nothing" in the record "to indicate that [plaintiff's mental impairments] would not respond to medication and/or counseling[.]" [*Id.*]. Plaintiff does not acknowledge the ALJ's findings that her mental impairments were amenable to treatment and that, notwithstanding her failure to treat those impairments, plaintiff was–during the alleged period of disability–able to "serve as her own medical decisionmaker, manage her own funds, use public transportation, shop in stores, do her laundry, cook, clean, and otherwise[.]" [*Id.*] 32. These findings provided substantial evidentiary support for the ALJ's conclusion that the opinion evidence was "not wholly consistent" with the record. [*Id.*].

Plaintiff contends that the ALJ did not consider that the three opinions were consistent with each other, *see* [17] 11, but the ALJ's decision refutes this claim. The ALJ acknowledged this consistency when she observed that "the State disability determination reviewers" appeared to have used the results of the consultative psychological exam "to issue their findings." [13-1] 31-32. But the ALJ permissibly rejected "[t]hese reviewers [*sic*] and examiner's findings" because they "largely rest[ed] on the claimant's reports," and those reports were inconsistent with the consultative examiner's observations that plaintiff was "cooperative, relaxed, and calm, despite the limited nature of the[ ] session and the assessment purposes of the consultation[.]" [*Id.*] 32. The ALJ was not required to more "explicitly compare one medical opinion as consistent with another if," as is the case here, she has "determined that neither is consistent with the overall record and the ALJ has adequately supported his conclusions." *Michael M. v. Bisignano*, No. 25 C 232, 2026 WL 146014, at *3 (N.D. Ill. Jan. 20, 2026); *see also Warnell*, 97 F.4th at 1053.

Second, the ALJ met "the most minimal of articulation requirements," *Warnell*, 97 F.4th at 1053, to which she was subject when finding that plaintiff could perform detailed (but not complex) tasks, frequently interact with supervisors, and occasionally interact with the public.

Regarding the detailed-tasks restriction, the ALJ recognized that plaintiff's past work qualified as "detailed/semi-skilled" and concluded that, notwithstanding her consistent noncompliance with treatment throughout the relevant period, plaintiff's cognition was intact, she could manage money, and she could perform activities of daily living independently. [13-1] 31-32. As for the social restrictions, the ALJ recognized that plaintiff's primary issue was "public contact" and her claim that she had "extreme anxiety around others she does not know." [*Id.*] 26, 30. But the ALJ found that plaintiff previously had no issue working with supervisors and coworkers, denied problems with authority, took public transportation despite the presence of strangers, shopped in stores, and has "consistently been able to get along with all medical providers and their staff members, as it would be expected to be noted if there

were any difficulties in interacting with anyone[.]" [*Id.*] 25, 30. The ALJ therefore had a substantial evidentiary basis to conclude that plaintiff could "adapt her behavior in public setting with strangers as needed," [*id.*] 26, and thus could frequently interact with coworkers and occasionally interact with the general public.[5] Plaintiff contends that her allegations of "difficulty being in public or around people" were corroborated by her "diagnoses" of depression and generalized anxiety disorder [17] 9, but "a diagnosis alone is not evidence of disability. Just because [the record established that plaintiff had mental impairments] doesn't mean the ALJ was required to fully accept [plaintiff's] subjective complaints and ignore all the other evidence in the record suggesting lesser limitations." *Golimbiski v. Kijakazi*, 22-cv-440-jdp, 2023 WL 6314643, at *5 (W.D. Wis. Sept. 28, 2023).

Finally, because the ALJ relied on substantial evidence to formulate the mental RFC after rejecting some (but not all) portions of the opinion evidence, the Court rejects plaintiff's undeveloped argument, *see* [17] 10-11, that the supposed evidentiary deficit required the ALJ to secure more information from the reviewing and examining doctors or obtain testimony from an independent medical expert.

**Conclusion**

Plaintiff's motion for summary judgment [16] is denied, the Commissioner's motion for summary judgment [20] is granted, and the denial of benefits is affirmed.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 16, 2026**

[5] This part of the ALJ's decision also refutes plaintiff's contention that the ALJ "failed to offer even a conclusory explanation regarding social limitations." [17] 9.